# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

In the Matter of the Parentage of:

TRICIA SORENSEN,

                           Appellant,

     v.

COREY DAVIS,

                         Respondent.

No.  59002-6-II

UNPUBLISHED OPINION

LEE, J. — Tricia Sorensen appeals the superior court's decision denying her request for back child support based on allegedly unpaid medical bills and health insurance premiums owed. We affirm the superior court.

## FACTS

In 2016, the superior court entered a final order of child support between Sorensen and Corey Davis.  The final order awarded Sorensen monthly child support until the child turned 18 years old or was no longer enrolled in high school.  The final order reserved a decision on any post-secondary support.  The final order did not contain a specific provision for payment of health insurance, but the final order did include a proportionate share schedule for payment of uninsured medical expenses.

In 2022, Sorensen petitioned to modify child support, seeking an order on post-secondary support.  Sorensen also filed a motion asking the superior court to enter an order on post-secondary support consistent with the parties' agreement.  Sorensen also asked the superior court to enter a

judgment against Davis for failing to pay his share of uninsured medical expenses and his share of medical insurance premiums. In support of the motion, Sorensen included a spreadsheet showing the medical expenses she alleged had not been paid and a document showing the amount of monthly premiums for a health insurance plan.

In its oral ruling, the superior court declined to order payment for the health insurance premiums because there was nothing in the final child support order determining who was required to pay for the child's health insurance or how payment on insurance premiums was to be made. The superior court also noted that either party could have petitioned the Department of Child Support or the court for an order providing for payment of health insurance and had not done so.

The superior court also denied the request for back child support based on unpaid medical expenses because the bills and medical information had not been properly documented or disclosed to Davis in a timely manner. The superior court informed the parties that it would reconsider the decision if Sorensen could provide additional information. Sorensen requested two weeks to gather additional information, and the superior court agreed.

At the next hearing, both parties apparently provided proposed orders allegedly based on the superior court's oral ruling. Neither the proposed orders nor any additional supporting documentation are included in the appellate record. Because the parties disputed whether the proposed orders reflected what the superior court ruled, the superior court set the hearing over another two weeks, ordering the parties to file a copy of the transcript of the superior court's oral ruling.

Ultimately, the superior court entered an order resolving the issue of post-secondary support. But the superior court denied Sorensen's request for a judgment on past due child support based on unpaid medical bills and health insurance premiums allegedly owed.

Sorensen appeals.

ANALYSIS

Sorensen argues the superior court's order denying back child support for unpaid medical bills and health insurance premiums is unsupported by substantial evidence. Because Sorensen has failed to provide a record sufficient to review the claimed error, we cannot reach the merits of Sorensen's argument.

"The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue." *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.2(b). If the appellant fails to provide us with a record sufficient for review, we cannot reach the merits of the appellant's arguments. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993) ("We cannot reach the merits of [Appellant's] arguments because he has failed to provide us with a sufficient trial record."), *review denied*, 123 Wn.2d 1025 (1994).

Sorensen appears to assert that there was sufficient evidence to support an award of back child support because she provided additional documentation to the superior court and because Davis provided a proposed order that included at least some award of back child support. With regard to Sorensen's request for back child support for unpaid medical expenses, the alleged additional documentation supporting Sorensen's claim is not included in the record before us on appeal. Therefore, Sorensen has failed to provide us with a sufficient record to determine whether the superior court's denial of back support for unpaid medical expenses was supported by substantial evidence. Accordingly, we cannot reach the merits of Sorensen's argument with regard to back child support for unpaid medical expenses.

With regard to Sorensen's request for back child support for health insurance premiums owed, the final child support order clearly did not order Davis to pay any portion of the health

No. 59002-6-II

insurance premiums. Therefore, there was no basis for the superior court to order back child support for unpaid health insurance premiums.

We affirm the superior court's final order on child support.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Glasgow, J.

_____
Cruser, C.J.

4